THOMAS FREELAND *vs.* MAN & MOODY, use of John B. Coleman, trustee, &c.

A party pleading a set-off, must prove that he held and owned it at the time he received notice of the assignment of the claim against which he seeks to use it.

APPEAL from the circuit court of Claiborne county.

On the 29th September, 1840, a summons was issued by a justice of the peace, at the suit of Man & Moody, who sued for the use of John B. Colman, their trustee, against Thomas Freeland. The summons was executed on the 23d of November, 1840, and on the 28th of the same month, judgment was rendered by the justice against Freeland, for $43 $\frac{90}{100}$, and costs of suit. From this judgment Freeland appealed to the circuit court.

To the plaintiff's declaration two pleas were filed—the general issue and payment. The latter alledges a payment made before the institution of the suit, and is followed by a motion of offset, which reads thus :

" To the plaintiff or his attorney :

" The receipt of Ater Davis, clerk, for costs paid on account of Man & Moody, will be offered as evidence on the trial of the above.

" MAURY & SAYN, Attorneys for defendant."

On the trial of the cause, the defendant offered in evidence a receipt of Ater Davis, clerk, for $38$\frac{93}{100}$ costs paid by him, in a judgment in favor of J. H. Maury, againt Man & Moody, Vertner & Freeland, which receipt bears date November 23d, 1840, and stated that in connection with said receipt, he proposed to prove that prior to the transfer by Man & Moody of their effects to Coleman, as trustee, he had become their security on two promissory notes of $1000 each, on one of which he was sued

jointly with them, by James H. Maury; that judgment was rendered against him, and that on the failure of Man & Moody to settle the same, he had done so, and had on the day the summons was served on him, paid the costs specified in said receipt. That Man & Moody had, by deed of trust, transferred to Coleman, as trustee, their books, notes, accounts and merchandise, with the provision that the said trustee should collect and pay the debts specified in the deed, the debt to Maury included; that the trustee had never collected a dollar, nor taken possession of the merchandise, but that Man & Moody had remained in possession of the goods and collected the debts, &c. &c.

The court ruled out the receipt, and refused to permit the introduction of testimony, to which defendant objected. The jury found a verdict for the plaintiffs, and the defendant brings the case to this court by appeal.

*James H. Maury,* for appellant.

Can a man, by the forms of a trust assignment, protect himself in the possession, use and consumption of property, to the exclusion of creditors?

By the thirteenth section of the statute establishing the jurisdiction of justices of the peace, H. & H. 427, he may examine the parties, as in courts of equity, and decide as "may appear just and equitable;" and if the case be taken to the circuit court by appeal, it is there to be tried *de novo,* but agreeably to the same rules of evidence, and the same principles of law and equity, that should have been observed by the justice of the peace. H. & H. p. 429. On the facts set forth in the bill of exceptions a chancellor would grant an injuction; and if they were not explained to remove the inferences of fraud, that would *prima facie* arise from them, the injunction would be perpetuated.

That the proof offered by the appellant would be competent also in a trial at common law, is shown by the noted case of *Twyne,* reported in 2 Coke, p. 80—a leading case on the subject of fraudulent conveyances, which has been regarded as authority for near three hundred years. The grantor, in that case, " continued in possession of the goods; and he shore the sheep,

and marked them with his own mark," which were regarded as prominent badges of fraud. In this the grantor was permitted to continue in possession. He collected the notes and accounts, and sold the merchandise, and used the money without restraint.

The plea of payment alledges the payment on a particular day. If it did not set up a valid bar to the suit, it was subject to demurrer; but the plaintiff below, having replied to the plea, denying the allegations contained in it, and tendering issue, it is certainly competent for the defendant to support the issue on his part by proof corresponding with the allegations of his plea.

*John B. Coleman,* for appellees.

We conceive that no error was committed by the court below in ruling out the receipts offered in evidence by the appellant.

It was offered to sustain the plea of payment; that plea alledges a payment made prior to the institution of the suit; the receipt is dated two months after; the summons was issued by the justice on the 29th of September, and the receipt was given on the 23d November. The suit then commenced when the summons was issued, and being brought for the use of tustees, was notice, even had there been no other, that Man & Moody were destitute of all interest in the claim, and that a payment of it to them would not be valid. A payment made for them would be no better.

Again, the notice of set-off accompanying the plea, is not sufficiently explicit to authorize the admission of the testimony which was offered under it.

The statute requires the defendant to file with his plea an account, stating distinctly the nature of such payment in set-off, and the several items thereof, on failure to do which, he shall not be allowed to prove the same, &c. How. & Hutch. 590, § 9. The amount and date of the alledged payments are both omitted.

As to the equity attempted to be brought to bear upon this case, by the offer of the defendant's counsel in the court below, to prove the various allegations incorporated into the bill of exceptions, it is sufficient to remark that the proceeding was at com-

mon law, and had to be tried according to common law rules. The action was assumpsit, to recover damages for the non-performance of defendants' undertaking, and no reason exists why, in this particular case, the judge below should have been required to convert himself *pro tem.* into a special chancellor, and to try it as though it had been presented upon bill, answer and exhibits.

Were this a proceeding instituted for the purpose of setting aside the deed of trust on the ground of fraud, &c., the celebrated case of *Twyne,* cited by the counsel of appellants, might possibly, to a certain extent, be appropriate.

The counsel of the appellees is, however, reluctantly compelled to acknowledge that he is too obtuse to discover its present application, and therefore respectfully declines a discussion of the question, how far the "shearing of sheep, and marking them with his own mark," must at this day be held badges of fraud, &c.

Mr. Justice THACHER delivered the opinion of the court.

This case comes up by appeal from the circuit court of Claiborne county.

It was brought into the said court, by an appeal from the judgment of a justice of the peace. In that court appellant plead non assumpsit and payment in the usual form, and to the latter appended a notice to appellees' attorney as follows: "The receipt of Ater Davis, clerk, for costs paid on account of Man & Moody, will be offered in evidence upon the trial of the above." Appellees took issue upon both pleas. Upon the trial appellant offered in evidence a receipt of the kind above described, dated the 23d day of November, A. D., 1840, which was the same day upon which the summons from the office of the justice of the peace in this case was served upon him. He also offered a statement of what was intended to be proven in connection with this receipt. The court below refused to permit the receipt to be read to the jury.

There does not appear in the statement just referred to, or elsewhere in the record, an essential ingredient to the competency of a claim in set-off. It must always be shown that the

Freeland *v.* Man & Moody.

defendant was the owner, and held possession of the set-off at the period when he received notice of the assignment. This likewise devolves on the defendant, for as he stands in the light of a plaintiff in a cross action, the burden of proof rests upon him. The service of the writ or summons, where other proof of it does not appear, must be received as such notice. In the case of the *Northern Bank of Mississippi, use, &c.* v. *Kyle & Curtis,* decided at the January term, A. D. 1843, of this court, this doctrine was fully recognized. It appears by the record that the service of the summons from the justice of the peace, and the acquisition of the set-off by defendant, occurred upon the same day, without it appearing which had priority in point of time on that day. It was the business of the defendant to have made clear and certain his legal right to have the benefit of the set-off, if he desired to avail himself of it.

The objection taken to the assignment on the ground of fraud, this court does not deem itself now called upon to investigate. The proper intermediate tribunal is open, where that subject can be regularly shaped, if necessary, to compel our decision.

*The judgment of the court below must be affirmed.*